IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DERRICK DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 315-007 |
| | ) | |
| LT. STRONG, Individually and in | ) | |
| his Official Capacity, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Presently before the Court is Defendant's motion to file a dispositive motion out of time, (doc. no. 27), and Plaintiff's motion for entry of default, (doc. no. 28). Defendant was personally served with the complaint and summons on May 17, 2016, but failed to make an appearance in this Court until June 23, 2016, sixteen days after an answer was due. (See doc. nos. 23, 25.) Defendant has now moved for leave to file a motion to dismiss, arguing that his failure to timely file a responsive pleading was due to excusable neglect. (Doc. no. 27.) Plaintiff has responded with a motion for entry of default, contending Defendant failed to file a timely answer and their responsive pleading does not present a meritorious defense. (Doc. nos. 28, 30.)

Under Fed. R. Civ. P. 55(a), a party is entitled to entry of default when it has shown that an adverse party has failed to plead or otherwise defend against a complaint through

affidavit or otherwise. Default "must" be entered by the Clerk when such a showing has been made. Fed. R. Civ. P. 55(a). Though no default has been entered against Defendant, Plaintiff has submitted a declaration showing that Defendant has failed to file a responsive pleading and thus, appears to be entitled to entry of default.

Nevertheless, the Court may set aside an entry of default for good cause under Fed. R. Civ. P. 55(c). Heaton v. Bonacker & Leigh, 173 F.R.D. 533, 535 (M.D. Ala. 1997). This standard considers whether the default was "culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). Other factors include the public interest, significance of financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Id.

Here, Defendant has shown, through declaration, the default was not willful because he has little experience with litigation and was unsure how to proceed once he received the complaint. (Declaration of David Strong ¶ 4, Doc. no. 27-2.) Adding to his confusion was that the complaint related to his former position at Dodge State Prison. (Id.) Once advised to do so by a colleague, Defendant took the complaint to Dodge State Prison for referral to the Georgia Department of Corrections' legal department. (Id., ¶ 5.) Further causing delay was Dodge State Prison's process in sending the complaint to the Georgia Attorney

General's Office.[1]  (Id., ¶ 6.)  It also does not appear that setting aside default would prejudice Plaintiff.  Defendant's first appearance in this matter occurred approximately sixteen days after an answer was due, which is not a substantial delay.  (See doc. no. 25.)

Finally, Defendant has demonstrated meritorious affirmative defenses of failure to exhaust administrative remedies and qualified immunity that are potentially dispositive of the entire case.  (See doc. no. 27-4.)  Thus, the strong policy of deciding cases on their merits is especially potent here.  See In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).  Accordingly, the Court **DENIES** Plaintiff's motion for entry of default (doc. no. 28), and **GRANTS** Defendant's motion to file a dispositive motion out of time, (doc. no. 27).  Defendant will have fourten days from the date of this Order to file his motion to dismiss as a stand-alone entry on the docket.

SO ORDERED this 10th day of August, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The U.S. Marshal previously contacted the Georgia Attorney General's Office to inquire whether they would accept service on behalf of Defendant.  Defendant would not be in his current predicament if the Georgia Attorney General's Office had agreed to do so.